**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED

2020 OCT 13 PM 3: 24

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | | |
|---|---|---|
| GREE, INC., | § | |
| | § | |
| Plaintiff, | § | Case No. **1:20MC1041 RP** |
| | § | |
| v. | § | (Original E.D. Tex. Civ. Nos. |
| | § | 2:19-cv-00200-JRG-RSP; |
| SUPERCELL OY, | § | 2:19-cv-00237-JRG-RSP; |
| | § | 2:19-cv-00413-JRG-RSP) |
| Defendant. | § | |

## NON-PARTY ANDREW SHEPPARD'S MOTION TO QUASH AND ACCOMPANYING MOTION TO TRANSFER

## TABLE OF CONTENTS

I.    INTRODUCTION..................................................................................................1

II.   STATEMENT OF FACTS...................................................................................2

III.  LEGAL STANDARD ...........................................................................................3

IV.   ARGUMENT.........................................................................................................4

     A.    Transfer to the Eastern District of Texas is Appropriate. ............................4

     B.    Supercell's Subpoena Should Be Quashed Because It Is Unduly
         Burdensome. ...................................................................................................6

V.    CONCLUSION ...................................................................................................10

# TABLE OF AUTHORITIES

## Cases

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*, 263 F.R.D. 395, 399 (W.D. Tex. 2009) ................................................................................................................ 3

*Rembrandt Patent Innovations v. Apple, Inc.*, No. 1:15-CV-438-RP, 2015 WL 4393581, at *1 (W.D. Tex. July 15, 2015) .................................................... 4, 6, 7

*San Juan Cable LLC v. DISH Network LLC*, No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015)................................................. 5

*St. Clair Cnty., Ill v. Trinity Highway Indus.*, No. 16-mc-91286-IT, 2016 WL 5346943, at *1 (D. Mass. Sept. 23, 2016)................................................... 5

*Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, No. 1:17-MC-0055-LY-AWA, 2017 WL 1611915, at *1 (W.D. Tex. Apr. 27, 2017) ................... 4

*Wiwa v. Royal Dutch Petroleum*, 392 F.3d 812, 818 (5th Cir. 2004)............................ 3

*Youtoo Techs., LLC v. Twitter, Inc.*, No. 17-MC-80006-JSC, 2017 WL431751, at *2 (N.D. Cal. Feb. 1, 2017) ...................................................................... 5

## Rules

Fed. R. Civ. P. 45(d)(1)......................................................................................... 3

Fed. R. Civ. P. 45(d)(2)(B)(i) ............................................................................... 4

Fed. R. Civ. P. 45(d)(3)(A) ................................................................................... 5

Fed. R. Civ. P. 45(d)(3)(A)(iv) ......................................................................... 1, 3

Fed. R. Civ. P. 45(f).......................................................................................... 1, 4

Non-party Andrew Sheppard respectfully moves the Court for an order: (1) quashing a deposition subpoena from Defendant Supercell Oy ("Supercell") pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv); and (2) transferring the instant motion to quash to the United States District Court for the Eastern District of Texas pursuant to Fed. R. Civ. P. 45(f).

## I.    INTRODUCTION

Mr. Sheppard moves to quash the subpoena as the deposition would be unduly burdensome under Fed. R. Civ. P. 45(d)(3)(A)(iv). Plaintiff GREE, Inc. ("GREE") asserts that Supercell infringes multiple patent families in eight lawsuits filed in the Eastern District.[1] Supercell has deposed Mr. Sheppard in two of these matters, and Mr. Sheppard traveled from Austin to Marshall and testified under Supercell's subpoena at a recent trial between the parties, at which the jury found that Supercell willfully infringes GREE's patents and awarded GREE $8.5 Million in damages. Supercell now seeks a further deposition of Mr. Sheppard in three later pending cases, and Mr. Sheppard seeks to quash this improper additional deposition.

Mr. Sheppard was never an employee of GREE. Declaration of Andrew Sheppard ("Sheppard Decl.") submitted herewith, at ¶2. Mr. Sheppard's only connection to these disputes is that he was employed by GREE's U.S. subsidiary, GREE International Entertainment ("GIE") for three years, from 2014 until 2017 when GREE shut down GIE. *Id.* Mr. Sheppard has never had any involvement with, and has no knowledge of, the patents asserted by GREE against Supercell – nor does Supercell contend that he has such knowledge. *Id.* at ¶6.

Mr. Sheppard was previously deposed by Supercell and testified at trial in response to a subpoena issued by Supercell for two of the pending matters: Eastern District of Texas Civil Action Nos. 2:19-cv-00070 and 2:19-cv-00071. *Id.* at ¶¶4, 5; Declaration of Kasey E. Koballa

---

[1] *GREE, Inc. v. Supercell Oy*, E.D. Tex. Civ. Nos. 2:19-cv-00070; 2:19-cv-00071; 2:19-cv-200; 2:19-cv-237; 2:19-cv-310; 2:19-cv-311; 2:19-cv-000413; 2:20-cv-00113.

("Koballa Decl."), attached hereto, Exs. A, D. Mr. Sheppard has extremely limited knowledge of information pertinent to these dispute as he was employed by GREE's former United States subsidiary GIE, and had no involvement with or knowledge of the patents asserted in these matters. Sheppard Decl., at ¶¶2, 6. Mr. Sheppard has already testified at length about the games developed, launched or acquired by GIE business and the shut-down of GIE. Koballa Decl., Exs. A, D. There is simply no new testimony to be elicited from Mr. Sheppard regarding any of the topics upon which he has previously testified, and Supercell has not offered any reasonable explanation for what additional topics or information it now seeks in yet another deposition of Mr. Sheppard. *Id.* at ¶¶11-13.

Supercell's only alleged reason for seeking this duplicative deposition is that certain emails that reference Mr. Sheppard were produced after the prior deposition. *Id.* at ¶11. But all of these documents were produced months before Mr. Sheppard's trial testimony, and Supercell never sought a follow-up deposition before trial, and in fact used some of those emails in its cross-examination of Mr. Sheppard at trial. *Id.* at ¶¶12, 13. Another deposition is not warranted and would be highly burdensome to Mr. Sheppard.

Mr. Sheppard should not be put to the burden and expense of repeated depositions to answer the same questions on the same topics.

## II.    STATEMENT OF FACTS

On March 25, 2020, Supercell conducted a full deposition of Mr. Sheppard via video conference in Case Nos. 2:19-cv-0070 and -071 in the Eastern District of Texas. Koballa Decl.,Ex. A. The taking attorney concluded the deposition by expressly stating "I don't have anymore [*sic*] questions." *Id.*

On July 27, 2020, GREE's counsel received a notice of a subpoena and accompanying subpoena requesting Mr. Sheppard to testify in Case Nos. 2:19-cv-00161; 2:19-cv-00172; 2:19-

cv-00200; and 2:19-cv-00237.[2] Koballa Decl., Ex. B. Supercell never requested dates for a deposition until after trial in Case Nos. 2:19-CV-00070 and -71.

On August 24, 2020, Supercell sent a trial subpoena for Mr. Sheppard in Case Nos. 2:19-CV-00070 and -71 to GREE, and GREE accepted service on behalf of Mr. Sheppard for those specific cases. Koballa Decl., Ex. C.

On September 14, 2020, Mr. Sheppard testified at trial on behalf of GREE and was cross-examined by Supercell in Case Nos. 2:19-cv-00070 and 2:19-cv-00071. Koballa Decl., Ex. D.

On September 21, 2020, the next business day after the jury rendered its verdict in favor of GREE, GREE's counsel received a notice of a subpoena and accompanying subpoena requesting Mr. Sheppard to testify in Case No. 2:19-cv-00413. Koballa Decl., Ex. E.

## III.     LEGAL STANDARD

A "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.*

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The party seeking to quash the deposition bears the burden of proving that the subpoena is unduly oppressive. *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, 263 F.R.D. 395, 399 (W.D. Tex. 2009) (citing *Wiwa v. Royal Dutch Petroleum*, 392 F.3d 812, 818 (5th Cir.

---

[2] The parties stipulated to dismissal of Case Nos. 2:19-cv-00161 and 2:19-cv-00172. Dkt. (-161); Dkt. (-172). Thus, GREE only seeks a protective order in Case Nos. 2:19-cv-00200, 2:19-cv-00237 and 2:19-cv-00413.

2004)). In determining whether a subpoena subjects a non-party to an undue burden, a court considers: (1) the relevance of the requested information; (2) the party's need for the information; (3) the breadth of the request; (4) the time period covered by the request; (5) the particularity with which the request is described; and (6) the burden imposed. *Wiwa*, 392 F.3d at 818. The question of undue burden on a non-party requires a court to balance the subpoena's benefits and burdens, and "calls upon the court to consider whether the information is necessary and unavailable from any other source." *Rembrandt Patent Innovations v. Apple, Inc.*, No. 1:15-CV-438-RP, 2015 WL 4393581, at *1 (W.D. Tex. July 15, 2015) (internal citations omitted).

Rule 45(f) governs transfer of a subpoena-related motion. Rule 45 has long required that disputes related to non-party subpoenas be resolved locally "to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena." *Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, No. 1:17-MC-0055-LY-AWA, 2017 WL 1611915, at *1 (W.D. Tex. Apr. 27, 2017) (citing Fed. R. Civ. P. 45(d)(2)(B)(i)). However, Rule 45(f) permits "'transfer to the court where the action is pending is sometimes warranted,' either where the nonparty consents, or where there are exceptional circumstances." *Id.* at *2 (citing Fed. R. Civ. P. 45(f)). Further, "'transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion . . . ." *Id.*

## IV.   ARGUMENT

### A.     Transfer to the Eastern District of Texas is Appropriate.

Mr. Sheppard respectfully requests that this Court transfer his motion to quash to the issuing court, the United States District Court for the Eastern District of Texas. Rule 45(f) of the Federal Rules of Civil Procedure authorizes such transfer "if the person subject to the subpoena

consents . . . ." Fed. R. Civ. P. 45(f). Mr. Sheppard, a former employee of a GREE U.S. subsidiary and the person subject to the subpoena, consents to have this motion heard by the issuing court.

Courts often grant disputed transfer requests when a subpoenaed party affirmatively requests transfer to the issuing court. *See, e.g.*, *Youtoo Techs., LLC v. Twitter, Inc.*, No. 17-MC-80006-JSC, 2017 WL431751, at *2 (N.D. Cal. Feb. 1, 2017) (collecting cases and explaining that on "the limited occasions that courts have addressed disputes involving third-party respondents' disputed requests to transfer to the issuing court, compliance courts have granted the transfer requests"); *St. Clair Cnty., Ill v. Trinity Highway Indus.*, No. 16-mc-91286-IT, 2016 WL 5346943, at *1 (D. Mass. Sept. 23, 2016) ("Here, [third-party respondent] consents to the transfer ... The court in the underlying action, which is already familiar with the issues in this case[,] would be better suited to hear the motion to quash."); *San Juan Cable LLC v. DISH Network LLC*, No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) (noting that the responding party "has not only consented but has affirmatively requested transfer" so the court "need not consider whether the case presents 'exceptional circumstances and instead "it is enough to note that the requested transfer does not appear to be frivolous or made in bad faith").

The Eastern District of Texas, where GREE filed the cases at issue, is already well-versed with the *GREE, Inc. v. Supercell Oy* disputes. Further, Supercell improperly issued the subpoena from the Eastern District of Texas[3] and, thus, this motion to quash should be heard by the

---

[3] Even though the subpoena was issued in the Eastern District of Texas, the Eastern District of Texas does not meet the requirements of Rule 45(c) of the Federal Rules of Civil Procedure. Mr. Sheppard does not live within a 100 mile radius nor meets the requirements of Rule 45(c)(1)(B). Thus, Mr. Sheppard properly seeks to quash the subpoena in the Western District of Texas – "the court for the district where compliance [would be] required" – had Supercell

- 5 -

Eastern District of Texas.

**B.      Supercell's Subpoena Should Be Quashed Because It Is Unduly Burdensome.**

Supercell's subpoena of Mr. Sheppard is unduly oppressive and should be quashed.

Supercell can obtain the same information it seeks from Mr. Sheppard from sources more

convenient and less burdensome, namely Mr. Sheppard's prior testimony at deposition and trial,

which the parties have already agreed may be used in other cases between the parties. *Rembrandt*

*Patent Innovations*, 2015 WL 4393581, at *1. Supercell already had the opportunity to explore,

and did in fact explore, the full extent of Mr. Sheppard's knowledge of GIE, the shut-down of

GIE, and GIE's games during his prior deposition and again during his trial testimony. Koballa

Decl., Exs. A, D. Mr. Sheppard has no further knowledge relevant to the instant matters beyond

that which he already provided during his deposition and trial testimony. Sheppard Decl., at ¶¶6-

8.

*First*, Mr. Sheppard does not possess any information relevant to the instant cases that

Supercell has not already acquired. *See Rembrandt*, 2015 WL 4393581, at *1. Mr. Sheppard has

no knowledge of GREE's United States Patents that are asserted in these matters. Sheppard

Decl., at ¶¶6. Likewise, Mr. Sheppard has no knowledge of GREE's games that were separate

and independent of GIE's United States operations, (*see id.* at ¶¶7-8; *see also* Koballa Decl., Ex.

A at 6:15-21) including, *inter alia*, GREE's games relevant to the patents asserted in the instant

matters: Tenmega and Cerberus. *See* Koballa Dec., Exs. F, G. Further, Mr. Sheppard was no

longer employed by GIE when many of the asserted patents in the instant matters were issued;

Mr. Sheppard left GIE when it was shut down in July 2017. Sheppard Decl., at ¶2; Koballa

Decl., Ex. A at 6:15-21; *see also* Koballa Decl., at ¶1. All of the patents at issue in these three

---

properly issued and served its subpoena. Fed. R. Civ. P. 45(d)(3)(A); Koballa Dec. at ¶3.

proceedings were issued years after Mr. Sheppard left GIE. Koballa Decl., at ¶1. Thus, the first factor weighs in favor of quashing the subpoena.

*Second*, Supercell does not need testimony from Mr. Sheppard. *See Rembrandt*, 2015 WL 4393581, at *1. Mr. Sheppard has knowledge of the GREE's business operations in the United States through its subsidiary GIE. Sheppard Decl., at ¶8. Supercell, however, has extensively explored this knowledge through its prior deposition – and ended the deposition with two and a half hours left on the clock. *See* Koballa Decl., Ex. A. Supercell further explored this knowledge during its cross-examination of Mr. Sheppard at trial. *Id.* at Ex. D. Thus, the second factor weighs in favor of quashing the subpoena.

*Third*, the subpoena poses a significant burden on Mr. Sheppard. *See Rembrandt*, 2015 WL 4393581, at *1. Mr. Sheppard spent multiple days preparing for his first deposition, which included searching for and collecting documents to produce in response to the subpoena and preparing for his testimony. And he did so at great personal sacrifice in light of the fact that he was expecting his first child within a week of his scheduled deposition date. Furthermore, Mr. Sheppard spent the majority of a day sitting for a fulsome deposition taken by Supercell. *See* Koballa Decl., Ex. A. Subsequently, Mr. Sheppard traveled – beyond the 100 miles contemplated under Rule 26 and in the middle of a worldwide pandemic – to appear and testify at trial in response to a trial subpoena issued from Supercell. Sheppard Decl., at ¶¶4-5; Koballa Decl., Ex. D. Thus, Supercell had more than ample opportunity to seek testimony from Mr. Sheppard and Mr. Sheppard should not be burdened by yet another deposition. This factor weighs in favor of quashing the subpoena.

*Fourth*, the third, fourth, and fifth factors – the breadth of the request; the time period covered by the request; and the particularity with which the request is described – also weigh in

favor of this motion. *See Rembrandt*, 2015 WL 4393581, at *1. Supercell does not seek a narrow set of documents or testimony relevant to specific and discrete issues. To the contrary, Supercell refused to identify any topics upon which it seeks Mr. Sheppard's testimony. Instead Supercell claims that it is entitled to re-depose Mr. Sheppard because certain documents were produced after Mr. Sheppard's first deposition. Koballa Decl., at ¶¶10, 11. Thus the breadth of the request and time period covered by the request are overly broad and unduly burdensome.

Further, as noted above, Supercell has not articulated any specific information that it allegedly needs from Mr. Sheppard nor has it articulated any specific information or knowledge that necessitates this deposition. *Id.* at ¶10. Instead, Supercell broadly alleges that emails produced after his deposition permit the deposition. *Id.* at ¶11. Supercell misses the point. At no point after the additional emails were produced did Supercell demand another deposition in the cases for which he sat for a deposition. And Supercell doesn't demand one now. Rather, Supercell seeks to use the production of emails in an earlier case for which it has already deposed Mr. Sheppard to entitle it to another deposition in a different case. *See id.* at ¶¶11-13. And it does so without explaining any basis for doing so.

In fact, Supercell identified eight documents that on which it now seeks to depose Mr. Sheppard yet again. *Id.* at ¶12. However, Supercell already deposed or cross examined Mr. Sheppard on four of the eight emails (or nearly identical emails) that Supercell identified as justifying a further deposition. *Id.* Thus, Supercell seems to acknowledge that this deposition would be entirely cumulative of Mr. Sheppard's prior testimony. Moreover, Supercell failed to explain why the other three emails justify a further deposition. Counsel for Supercell even stated that the documents identified are "not [Supercell's] best documents," yet continue to fail to identify documents or topics that warrant another deposition. *Id.* at ¶13. But regardless, Supercell

in fact had the opportunity to cross Mr. Sheppard on these later-produced emails at trial and did so. *Id.*, Ex. D. Thus, Supercell's argument fails.

Any argument that another deposition is warranted because GREE continued to produce emails after Mr. Sheppard's first deposition ignores the timeline of events in the earlier cases. *Id.* at ¶¶11, 14. Supercell did not serve a single request for emails in any of the parties' disputes until February 7, 2020, when it sought Mr. Sheppard's emails as well as those of eleven other custodians. *Id.* at ¶14. At Supercell's request, GREE produced all of Mr. Sheppard's custodial emails requested in Case Nos. 2:19-CV-00070 and -71 before his March 2020 deposition. *Id.* Given the late timing of Supercell's email requests, however, GREE had yet to complete its production of all emails requested in Case Nos. 2:19-CV-00070, -71, -200, and -237, and Supercell knew that. *Id.* at ¶¶14, 15. Yet Supercell opted to proceed with Mr. Sheppard's deposition despite knowing that it had not received all emails. Moreover, GREE produced additional emails *from other custodians* in May 2020 which include the emails on which Mr. Sheppard was copied or is part of the correspondence chain that Supercell now argues to justify another deposition. *Id.* Yet, Supercell never requested to depose Mr. Sheppard about those emails at any time before trial in the -70 and -71 cases, and in fact it cross-examined him on certain of those emails just a few weeks ago at trial. *Id.* at ¶¶ 11, 14.

To the extent Supercell also alleges that it can re-depose Mr. Sheppard because GREE has taken multiple depositions of Supercell's own party witnesses, this argument is nonsensical. Supercell is a party to this litigation, Mr. Sheppard is not. Each of the individuals GREE deposed are ***current employees*** of Supercell and 30(b)(6) representatives of Supercell with respect to different accused features of the infringing games. Further, each of Supercell's witnesses possessed knowledge relevant to the accused products and issues in dispute in the respective

cases. Mr. Sheppard is a third party who has never been an employee of GREE, and has not been an employee of a GREE subsidiary for over three years. Mr. Sheppard possesses no additional knowledge relevant to these disputes.

Accordingly, the factors weigh in favor of Mr. Sheppard, and the Court should quash the subpoenas issued for Mr. Sheppard.

## V.    CONCLUSION

For the foregoing reasons, Mr. Sheppard respectfully requests that the Court transfer the motion to quash to the United States District Court for the Eastern District of Texas or, alternatively, quash Supercell's subpoena.

DATED: October 13, 2020                 Respectfully submitted,

                                        By:  /s/
                                        MELISSA R. SMITH
                                        (Texas State Bar No. 24001351)
                                        HARRY L. GILLAM, JR.
                                        (Texas State Bar No. 07921800)
                                        303 South Washington Avenue
                                        Marshall, Texas 75670
                                        Tel: (903) 934-8450 / Fax: (903) 934-9257
                                        Email: melissa@gillamsmithlaw.com
                                        Email: gil@gillamsmithlaw.com


Of Counsel:                             KILPATRICK TOWNSEND & STOCKTON LLP
                                        STEVEN D. MOORE (CA Bar No. 290875)
                                        RISHI GUPTA (CA Bar No. 313079)
                                        TAYLOR J. PFINGST (CA Bar No. 316516)
                                        Two Embarcadero Center, Suite 1900
                                        San Francisco, CA 94111
                                        Tel: (415) 576-0200 / Fax: (415) 576-0300
                                        Email: smoore@kilpatricktownsend.com
                                        Email: rgupta@kilpatricktownsend.com
                                        Email: tpfingst@kilpatricktownsend.com

                                        NORRIS P. BOOTHE (CA Bar No. 307702)

## CERTIFICATE OF SERVICE

I hereby celiify that on October 13, 2020, counsel of record for Supercell Oy is being served with a copy of this document via First Class Mail and electronic mail at the addresses listed below:

Michael J. Sacksteder (Admitted E.D. Texas)
FENWICK & WEST LLP
555 California Street
San Francisco, California 94104
Email: msacksteder@fenwick.com

/s/
Melissa R. Smith